UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WATLOW ELECTRICAL MANUFACTURING COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:05CV2094 CDP |
| OGDEN MANUFACTURING COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendant Ogden Manufacturing Company's motion to stay this patent infringement suit pending reexamination of the patent at issue, U.S. Patent No. 4,934,831, by the Patent and Trademark Office (PTO). Plaintiff Watlow Electric Manufacturing Company contends that the impending expiration of the '831 Patent renders the imposition of a stay unduly prejudicial at this time. After reviewing the parties' briefs, I conclude that the benefits of a stay outweigh any potential for prejudice. Accordingly, I will grant Ogden's motion.

## Background

Watlow filed its complaint on November 7, 2005. Watlow withheld service of the complaint for the next four months while it attempted to negotiate a licensing agreement with Ogden. In a letter dated February 17, 2006, Ogden informed

Watlow that it did not see any legal or factual basis for the complaint due to the similarity between the '831 Patent and prior art disclosed in U.S. Patent No. 4,018,624. Ogden also stated that should Watlow proceed with the pending litigation, Ogden would seek reexamination of the '831 Patent and a corresponding stay of the litigation.

Watlow served Ogden with a copy of its complaint on March 7, 2006. Ogden filed its answer and counterclaim on April 13, 2006. Watlow answered Ogden's counterclaim on May 8, 2006. On May 18, 2006, Ogden filed a request for an ex parte reexamination of the '831 Patent pursuant to 35 U.S.C. §§ 302-307.[1] One day later, Ogden filed this motion to stay all proceedings pending reexamination of the '831 Patent. On June 30, 2006, the PTO granted Ogden's request for an ex parte reexamination of the '831 Patent.

## Discussion

In a patent suit, courts "have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). In fact, sponsors of the patent reexamination legislation favored

---

[1] As Ogden explains in its brief, the request for reexamination relies on U.S. Patent No. 3,942,242. Although this is not the same patent cited in Ogden's February 17, 2006 letter to Watlow, Ogden maintains that the '624 and '242 patents are substantively the same.

stays by the district courts pending reexamination as a means of settling disputes quickly, lowering costs, and providing the courts with the PTO's expertise. Lentek Int'l, Inc. v. Sharper Image Corp., 169 F.Supp.2d 1360, 1362 (M.D. Fla. 2001) (citations omitted). Courts consider three factors when determining whether a stay should should be granted: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial of the case; and (3) whether a stay would unduly prejudice the non-moving party or would present a clear tactical disadvantage for that party. Middleton, Inc. v. Minnesota Mining and Manufacturing Co., No. 4:03-CV-40493, 2004 WL 1968669, at *3 (S.D. Iowa August 24, 2004) (citations omitted).

These first two factors weigh in favor of granting a motion to stay in this case. In fact, Watlow does not even address these two factors in its brief in opposition to Ogden's motion to stay. First, discovery has not begun and a trial date has not been set. Cf. Soverain Software LLC v. Amazon.com, Inc., 356 F.Supp.2d 660, 662 (E.D. Tex. 2005) (denying motion to stay that was filed one year after complaint had been filed, one week after the Markman hearing, and one month before the scheduled discovery completion date). The parties' Rule 16 conference has been postponed pending resolution of this motion. In sum, the bare minimum amount of resources have been expended in this case thus far. See See Tap Pharm. Prod., Inc.

v. Atrix Labs., Inc., No. 0C 3 7822, 2004 WL 422697, at *1 (N.D. Ill. March 3, 2004) (granting stay where case had not progressed beyond the initial pleadings stage).

Second, there is a high likelihood that granting a stay will simplify the issues and facilitate the trial in this case. The validity of the '831 Patent is a central issue before this Court and the PTO. As the Federal Circuit has recognized, "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983).

The PTO recently granted Ogden's request for reexamination. Statistics show that there is a high likelihood that at least some of the claims of the '831 Patent will be amended.[2] By granting a stay at this juncture, the parties will save the expense of litigating issues that the PTO's experts may render moot. Additionally, any review of prior art that I must conduct will be enhanced by the PTO's expert opinion. See In re Etter, 756 F.2d 852, 857 (Fed. Cir. 1985) ("When the patent is concurrently involved in litigation, an auxiliary function [of the reexamination] is to

---

[2] Both parties present statistics from the PTO indicating that 64% of ex parte reexamination result in changes to the patent claims.

free the court from any need to consider prior art without the benefit of the PTO's initial consideration.").

Watlow contends that third factor listed above weighs against granting a stay in this case. According to Watlow, a stay could effectively prohibit Watlow from enjoining Ogden's alleged infringement due to the impending expiration of the '831 Patent. The '831 Patent expires on March 20, 2009, roughly 32 months from the date of this order. Based on the most recent figures released from the PTO, the average pendency of an ex parte reexamination is 22.6 months. Watlow's own statistics suggest that the average patent case in my Court lasts 11.3 months. Together, these two numbers suggest that this matter should be resolved about the time the '831 Patent expires. If the '831 Patent expires before this case is resolved, Watlow would lose the right to enjoin Ogden's infringement and instead only be entitled to monetary damages.

While I am certainly sensitive to the prejudice that Watlow would suffer if it were denied the right to injunctive relief, Watlow's doomsday scenario is speculative, at best. First, Watlow fails to consider that the reexamination process will most likely narrow, if not eliminate, the issues that must be decided by this Court. Thus, the PTO's determination is likely to reduce the duration of any subsequent court proceedings. See Tap Pharm., 2004 WL 422697, at *1 (noting

that reexamination process could simplify any subsequent court proceedings, thus making up for any delay).  Second, as Ogden explains, the PTO has specific guidelines which call for the expedited handling of reexamination determinations in cases where litigation has been stayed pending reexamination.  This suggests that the PTO statistics cited by Watlow may not apply in this case.  Finally, Watlow underestimates my ability to address issues that may arise during the reexamination process.  This includes the ability to order expedited discovery once the reexamination process is complete, or even lifting the stay should the PTO fail to address Ogden's reexamination request in a timely manner.  In sum, these three factors suggest that Watlow's concern over the impending expiration date of the '831 patent may be premature at this stage of the litigation and reexamination process.

For the foregoing reasons, I find the benefits to both parties and the Court that will result from a stay outweigh the potential for prejudice to Watlow.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Ogden Manufacturing Company's motion to stay [# 14] is granted.  All proceedings in this suit are stayed pending reexamination of U.S. Patent No. 4,934,831 by the United States Patent and Trademark Office.

**IT IS FURTHER ORDERED** that the parties shall notify the Court within ten (10) days of any action by the PTO on the re-examination.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this <u>10th</u> day of <u>July</u>, 2006.